**GRIEF BROTHERS CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78–1456.

United States Court of Appeals, Sixth Circuit.

Nov. 3, 1980.

David I. Rosen, Clifton, Budd, Burke & DeMaria, Kevin J. McGill, New York City, for petitioner.

Elliott Moore, Alan Banov, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Henry Shore, Director, Richard Zuckerman, Pittsburgh, Pa., for respondent.

Before LIVELY and JONES, Circuit Judges, and GORDON,* Senior District Judge.

PER CURIAM.

In this action the employer seeks review of a decision and order of the National Labor Relations Board (the Board) holding that the employer violated section 8(a)(1) and (3) of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 141 et seq. The Board has filed a cross–application for enforcement. The Board found that the employer applied its previously established leave policy in a discriminatory manner when it refused to grant employees from 21 plants leave from work to attend a conference at the union's international headquarters. The conference was designed to explore the feasibility of developing a coordinated bargaining program among the various units of the employer company. Though the employer had collective bargaining agreements with the union at all 21 plants, it was opposed to coordinated bargaining. The employer's refusal to grant leaves from work to attend the conference was found to violate § 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1). The discharge of an employee who absented himself from scheduled work to attend the conference after being denied leave was found to violate § 8(a)(3), 29 U.S.C. § 158(a)(3). The decision and order of the Board is reported at 238 NLRB No. 30.

The employer contends that the record reveals no anti–union animus, that there were no negotiations in progress between it and the union and that none of its contracts with the union provided for leave to attend a conference such as the one which fostered this dispute. The employer further argues that its liberal leave policy with respect to personal and union business should not compel it to grant leaves to attend this particu-

---

* The Honorable James F. Gordon, Senior Judge, United States District Court for the Western District of Kentucky, sitting by designation.

lar meeting. The meeting was scheduled for two week days rather than a weekend for the convenience of employees at the international headquarters. The employer asserts that it had no leave policy with respect to the requests at issue, because it had never had a similar request from its employees or the union.

Counsel for the Board affirmed at oral argument that the decision is based entirely on the company's disparate application of its established leave policy. The record contains testimony from a number of employees that the employer freely granted leaves in the past to attend to union as well as personal business. The Board also deems it important that the employer failed to show any business necessity for denying the requested leaves. Though conceding that the request for leaves by employees of all 21 plants to attend a union meeting on future planning was unprecedented, the Board argues that the company was bound to follow its established practice and grant the requested leaves.

We conclude that this case is controlled by our decision in *N.L.R.B. v. Superior Co.*, 199 F.2d 39 (6th Cir. 1952). There the court held that neither departure from an established leave policy nor failure of the employer to prove that absence of employees would create a production problem justified a finding of violation in the denial of leave requests to attend a meeting between the employer and a representative of the Board. See also *Service Employees International v. N.L.R.B.*, 600 F.2d 930 (D.C.Cir.1979). In the present case, the fact that the employer had granted individual requests for absences in the past did not deprive it of the right to deny an unprecedented request for simultaneous leaves for employees of all 21 plants to attend a meeting to prepare for future negotiations. Further, since the employee who was discharged for absenting himself from work to attend the meeting did so in the face of a denial of his request for leave and a warning that his absence from work would result in disciplinary measures, we conclude that the discharge did not violate the Act. (At arbitration it was held that the employer was justified in

disciplining the employee, but that the penalty of discharge was too severe. The employee was ordered reinstated without back pay, and this has been done.)

The petition for review is granted, and order and decision of the Board is vacated and the cross–application for enforcement is denied.